IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY MAZIARZ, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:21cv00554 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JUDGE BRUCE ALBERTSON, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |         United States District Judge |
| Defendants. | ) | |

Plaintiff Michael Anthony Maziarz, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983 against Judge Bruce Albertson, Assistant Commonwealth's Attorney ("ACA") Victoria C. Jenson, Officer Shank, Eugene Oliver, and an unnamed "State's Witness." Maziarz seeks leave to proceed *in forma pauperis. See* 28 U.S.C. § 1915. Having reviewed Maziarz's request and amended complaint, the court will grant his request to proceed *in forma pauperis* but concludes that Maziarz has failed to state a cognizable federal claim against any defendant named in the first amended complaint or any supplement to that complaint. The court will therefore dismiss Maziarz's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

When Maziarz initially filed his complaint, the court advised him that his allegations failed to state a cognizable claim against the named defendants. (ECF No. 12.) Maziarz was given leave to file an amended complaint, and he did so on December 29, 2021. (ECF No. 13.) Since that time, Maziarz has filed three supplements or amendments to his amended complaint. (ECF Nos. 14, 17, 19.) In deference to Maziarz's *pro se* status, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the court will consider all four documents (ECF Nos. 13, 14, 17, 19) in construing Maziarz's claims.

In his pleadings, Maziarz alleges that Judge Bruce Albertson violated his "5th Amendment right . . . and the double jeopardy." (ECF No. 19, at 1.) As to ACA Jenson,[1] Maziarz alleges a violation of his Fifth Amendment protection against double jeopardy. (*Id.* at 2.) Maziarz claims that his public defender, Eugene Oliver, provided ineffective assistance of counsel and that, at his trial, the unnamed "States Witness" defamed him. (*Id.* at 3.) Finally, Maziarz alleges that Officer Shank committed perjury. (ECF No. 13, at 2.) Maziarz seeks $25 million in damages. (*Id.*)

Maziarz brings his claims under 42 U.S.C. § 1983. (*See* Am. Compl. pg. 1 [ECF No. 13].) To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Although both Judge Albertson and ACA Jenson are state actors, Maziarz may not sue them under § 1983 because they enjoy absolute immunity from suit for actions taken in their roles as a judge and as a prosecutor. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) (outlining the absolute immunity prosecutors enjoy and noting that "[t]he ultimate fairness of the operation of the system itself could be weakened by subjecting prosecutors to § 1983 liability");

---

[1] Although Maziarz did not include ACA Jenson in his amended complaint (*see* ECF No. 13), he nevertheless references her in his additional filings. Accordingly, construing his pleadings liberally, the court will assume he intended to name ACA Jenson as a defendant in his amended pleadings.

*Pierson v. Ray*, 386 U.S. 547, 553–54 (1967) (noting that absolute judicial immunity "applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences" (internal quotation omitted). Thus, Maziarz cannot bring a § 1983 claim against Judge Albertson or ACA Jenson for their roles in his prosecution.

Defense attorneys—even those employed as public defenders—are not state actors. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Ward v. Ghee*, No. 92-6975, 1993 U.S. App. LEXIS 26796 at *2 (4th Cir. Oct. 13, 1993). Because Oliver is not a state actor, Maziarz has failed to state a claim under 42 U.S.C. § 1983 against him.

As to Maziarz's claim for defamation against an unnamed "State's Witness," under Virginia law, any communication made in a proceeding pending in a court is protected by absolute privilege so long as it is relevant and pertinent to the case. *See Lindeman v. Lesnick*, 604 S.E.2d 55, 58 (Va. 2004). Accordingly, any testimony given by the "State's Witness" is not actionable, even if it did defame Maziarz's character. Insofar as Maziarz brings a defamation claim against the "State's Witness" under § 1983, there is no factual predicate to conclude that the "State's Witness" was acting under color of law and, in any event, "an alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983." *Garrett v. Aube*, C/A No. 8:18-1449-MGL-JDA, 2018 WL 3628848, at *2 (D.S.C. May 31, 2018). Accordingly, Maziarz failed to state a claim for defamation against the "State's Witness."

Finally, perjury is not a civil cause of action, on its own or under § 1983. *See Foster v. Fisher*, 694 F. App'x 887, 888 (4th Cir. 2007) (explaining that a naked allegation of perjury

failed to amount to a viable claim under § 1983 and failed to "give[ ] rise to a private right of action absent a civil rights violation"); *Griffiths v. Siemens Auto., L.P.*, No. 92-2118, 1994 U.S. App. LEXIS 32311, at *5, 43 F.3d 1466 (4th Cir. Nov. 16, 1994). Thus, Maziarz failed to state a claim against Officer Shank.

Despite having the opportunity to amend his complaint, Maziarz has failed to allege any fact against the named defendants giving rise to a cognizable cause of action under 42 U.S.C. § 1983. Accordingly, the court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Maziarz.

**ENTERED** this 17th day of June, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE